THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:17-cr-00021-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| RONA BURRELL STONE, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines" [Doc. 62].

The Defendant Rona Burrell Stone pled guilty pursuant to a written plea agreement to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). [Docs. 28, 30]. A Presentence Report (PSR) was prepared in advance of sentencing. In the PSR, the probation officer determined that the Defendant was a career offender. [Doc. 37: PSR at ¶ 18]. As for the Defendant's criminal history, the probation officer determined that the Defendant had five criminal history points based on her prior convictions. [Id. at ¶ 52]. Two criminal history points were added due to the fact that the Defendant had been on probation

when the instant offense was committed. [Id. at ¶ 53]. Accordingly, the probation officer determined that the total criminal history score was seven, which would have resulted in a criminal history category of IV. [Id. at ¶ 54]. However, because the Defendant was designated as a career offender, her criminal history category was calculated to be a category VI. [Id.]. On December 19, 2017, the Court sentenced the Defendant to a total term of 262 months' imprisonment. [Doc. 46 at 2].

The Defendant now moves for a reduction of her sentence pursuant to Part A of Amendment 821 to the United States Sentencing Guidelines. [Doc. 62].

At the time that the Defendant was sentenced, U.S.S.G. § 4A1.1 provided for the addition of two criminal history points if the defendant committed the offense of conviction while under a criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. U.S.S.G. § 4A1.1(d) (2019). Part A of Amendment 821, effective November 1, 2023, amended this provision. As revised, § 4A1.1 now provides for the addition of only one criminal history point and applies only to defendants with seven or more criminal history points who committed the offense of conviction while under a criminal justice sentence. U.S.S.G. § 4A1.1(e) (2023).

Although the Defendant received two status points due to the fact that she had committed the offense of conviction while under a criminal justice sentence, she is ineligible for a sentence reduction under Amendment 821. The Defendant's advisory guideline range was not the result of the status points she received; rather, her criminal history category was determined by her classification as a career offender. As such, Part A of Amendment 821 has no impact on the calculation of the Defendant's advisory guideline range.

For all of these reasons, the Defendant's motion is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Federal Sentencing Guidelines" [Doc. 62] is **DENIED**.

**IT IS SO ORDERED.**

Signed: April 23, 2024

Martin Reidinger
Chief United States District Judge